UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GEORGE LEONARD WILSON, #327425,

                    Petitioner,

v.                                      2:08CV422

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

### A.  Background

On September 16, 2003, in the Circuit Court for the City of Chesapeake, Virginia, petitioner was convicted of three counts of robbery and was sentenced to sixty years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on May 19, 2004, the appeal was denied. Petitioner then appealed to the Supreme Court of Virginia, which denied the appeal on December 3, 2004.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court of the City of Chesapeake, but on April 8, 2008, the petition was denied. Petitioner did not timely appeal the denial of his petition to the Supreme Court of Virginia. On September 5, 2008, the Supreme Court of Virginia denied petitioner's request to file a belated appeal.

On August 27, 2008, petitioner filed a petition for writ of habeas corpus in federal court, and on December 10, 2008, respondent filed a motion to dismiss and Rule 5 answer.  This matter is now ripe for consideration.

## B.  Grounds Alleged

Petitioner alleges the following grounds:

1.   Petitioner was denied a fair and impartial trial due to trial counsel's performance, as set forth below:

   a.   if counsel had properly investigated the case, he would have learned that there was no probable cause for the search and seizure of petitioner in the barber shop;

   b.   counsel permitted petitioner to be indicted on evidence of a crime committed on June 1, 2002, which prejudiced petitioner's trial on the crime committed June 23, 2002;

   c.   counsel failed to raise a Fourth Amendment challenge to the illegal search and a Fifth Amendment challenge based on the failure of the police to administer <u>Miranda</u> warnings;

   d.   if counsel had investigated the robbery involving Karay Corley, he would have learned that the victim had not, in fact, been robbed;

   e.   counsel allowed the prosecutor to present false elements of the June 1, 2002 crimes in the trial for the crimes of June 23, 2002.  The prosecutor knew, or should have known, there was no probable cause for the search of the barber shop;

   f.   counsel allowed the Commonwealth to present evidence of the June 1, 2002 robbery as an element of the June 23, 2002 robbery; the fact of the earlier robbery was irrelevant to the later charge;

   g.   counsel failed to conduct a prompt and effective investigation of the case and explore all avenues of defense; if no viable defense is available, counsel must still hold the prosecution to its burden of proof;

2.   Petitioner was denied his Sixth Amendment right to confront his accusers; counsel was ineffective for not raising this claim at trial and on appeal;

2

3.     Petitioner was searched and handcuffed at the barber shop and taken into custody, triggering his Fifth Amendment right to <u>Miranda</u> warnings, which he never received;

4.     Petitioner was deprived of his Sixth Amendment right to counsel at the identification procedure. The show-up identification was impermissibly suggestive and the pretrial identification made in the absence of counsel was inadmissible at trial. Counsel was ineffective for not raising this issue at trial and on appeal; and

5.     Petitioner was deprived of a fair and impartial trial by the conduct of the prosecution and the trial judge. The presentation of false and misleading evidence was prejudicial.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See <u>Brower v. County of Inyo</u>, 489 U.S. 593, 598 (1989)(citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>GE Inv. Private Placement Partners II v. Parker</u>, 247 F.3d 543, 548 (4th Cir. 2001); <u>Martin Marietta Corp. v. Int'l Telecomms. Satellite Org.</u>, 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See <u>Simons v. Montgomery County Police Officers</u>, 762 F.2d 30, 31 (4th Cir. 1985); <u>Wolford v. Budd Co.</u>, 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In <u>Fields v. Murray</u>, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  <u>See id.</u> at 1032-33 (citing <u>Rushen v. Spain</u>, 464 U.S. 114, 120 (1983); <u>Sumner v. Mata</u>, 455 U.S. 591, 598 (1982)).  As stated in <u>Marshall v. Lonberger</u>, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  <u>Id.</u> at 432.

### C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also  Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D.  Procedural Default

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal.  In <u>Coppola v. Warden of Virginia State Penitentiary</u>, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial.  Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding."  <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986).  The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system.  <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990).[1]  In <u>Whitley v. Bair</u>, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims.  We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals

---

[1]  The court in <u>Bassette</u> relied on section 8.01-654(B)(2) of the Virginia Code.  <u>Bassette</u>, 915 F.2d at 936.  Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

> of all Virginia cases, civil or criminal, and
> conclude that such violation constitutes a
> procedural default sufficient to preclude federal
> court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which
> a state prisoner has defaulted his federal claims
> in state court pursuant to an independent and
> adequate state procedural rule, federal habeas
> review of the claims is barred unless the prisoner
> can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of
> federal law, or demonstrate that failure to
> consider the claims will result in a fundamental
> miscarriage of justice. . . . We now recognize the
> important interest in finality served by state
> procedural rules, and the significant harm to the
> States that results from the failure of federal
> courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the

Supreme Court of Virginia.   Therefore, the issue of actual prejudice need not be addressed.

### 1.   Claims 1(a) and 1(d)

Petitioner alleges that if his trial counsel had properly investigated the case, he would have learned that there was no probable cause for the search and seizure of petitioner, (Claim 1(a)); and counsel would have learned that the victim had not been robbed, (Claim 1(d)). Although petitioner raised a similar claim in his state habeas petition, in the petition now before the Court, he has added substantial facts and expanded legal arguments to his claim that were not presented in the state petition.   However, a federal habeas petitioner "must develop the factual basis for a claim in the state courts.   See Keeney v. Tamayo-Reyes, 504 U.S. 1, 8-12 (1992); see also Wilson v. Moore, 178 F.3d 266, 272 (4th Cir.).   A narrow exception to this rule is that a "habeas petitioner's failure to develop a claim in state-court proceedings will be excused and a hearing mandated if he can show that a fundamental miscarriage of justice would result from a failure to hold a federal evidentiary hearing." Keeney, 504 U.S. at 12.   Petitioner has failed to make such a showing that a fundamental miscarriage of justice would result, therefore, the additions cannot be considered by this Court. Id. at 8-12.   Furthermore, to the extent that petitioner did raise the claims in his state petition, he failed to appeal the denial of the petition to the Supreme Court of Virginia.   Failure to "appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims." Whitley v. Blair, 802 F.2d 1487, 1500 (4th Cir. 1986).   The claims are procedurally defaulted and should be DISMISSED.

2.   Claims 1(b), 1(c), 1(e) and 1(f)

Petitioner alleges that his trial counsel was ineffective because he permitted petitioner to be indicted on evidence of an earlier crime, (Claim 1(b)); failed to raise certain Fourth and Fifth Amendment challenges, (Claim 1(c)); allowed the prosecutor to present false elements of crimes, (Claim 1(e)); and allowed the Commonwealth to present evidence of the June 1, 2002 robbery as an element of the June 23, 2002 robbery, (Claim 1(f)).  The claims have never been raised in the state courts and would now be barred by state procedural default rules.   VA. CODE ANN. §§ 8.01-654(A)(2) and (B)(2).  A claim that fails to meet a state procedural requirement is also barred from federal habeas review. Coleman v. Thompson 501 U.S. 722, 750 (1991).  Furthermore, petitioner has failed to make a justifiable showing of cause for his failure to appeal the claims to the Supreme Court of Virginia.  Wainwright, 433 U.S. 72 (1977). The claims are procedurally defaulted and should be DISMISSED.

3.   Claims 2, 3, and 4

Petitioner alleges that he was denied his Sixth Amendment right to confront his accusers and that counsel was ineffective in not raising the claim at trial and on appeal, (Claim 2); that he was not advised of his Miranda rights when taken into custody, (Claim 3); and that he was denied his Sixth Amendment right to have counsel at the show-up identification procedure, and counsel was ineffective for failing to raise the issue at trial and on appeal, (Claim 4).  Petitioner raised the claims in his state habeas petition, but since he failed to appeal the denial of the petition to the Virginia Supreme Court, the claims are barred from federal habeas review. Whitley, 802 F.2d at 1500. Furthermore, petitioner has failed to make a justifiable showing of cause for his failure to appeal the claims to the Supreme Court of Virginia.

<u>Wainwright</u>, 433 U.S. 72 (1977).  The claims are procedurally defaulted and should be DISMISSED.

4.  <u>Claim 5</u>

Petitioner alleges that he was deprived of a fair and impartial trial by the conduct of the prosecution and the trial judge because the presentation of false and misleading evidence was prejudicial.  The Circuit Court found that the claims were barred from review pursuant to <u>Slayton</u>.  (<u>Wilson v. Robinson</u>, Cir. Ct. Ord. at 2 (April 8, 2008)).  A claim that fails to meet a state procedural requirement is also barred from federal habeas review.  <u>Coleman</u>, 501 U.S. at 750.  Furthermore, since petitioner failed to appeal the Circuit Court's ruling to the Virginia Supreme Court, the claims are barred from federal habeas review.  <u>Whitley</u>, 802 F.2d at 1500.  Additionally, petitioner has failed to make a justifiable showing of cause for his failure to appeal the claims to the Supreme Court of Virginia.  <u>Wainwright</u>, 433 U.S. 72 (1977).  The claims are procedurally defaulted and should be DISMISSED.

**E.  Petitioner did not receive ineffective assistance of counsel.**

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear.  They were established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court.  In <u>Strickland</u>, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance."  <u>Id</u>. at 687.  The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .

>       A convicted defendant's claim that counsel's
> assistance was so defective as to require reversal
> of a conviction or death sentence has two
> components.  First, the defendant must show that
> counsel's performance was deficient.  This requires
> showing that counsel made errors so serious that
> counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires
> showing that counsel's errors were so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable.  Unless a defendant makes
> both showings, it cannot be said that the convic-
> tion or death sentence resulted from a breakdown in
> the adversary process that renders the result
> unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test,
each of which must be met before the conduct of counsel can be found
constitutionally defective.  First, petitioner must show that he received
deficient legal representation, measuring the competency of his counsel
against what "an objectively reasonable attorney would have done under
the circumstances existing at the time of the representation."  Savino
v. Murray, 82 F.3d 593, 599 (4th Cir. 1996).  Petitioner must also show
actual prejudice; that is, he "must demonstrate that the error worked to
his 'actual and substantial disadvantage,' not merely that the error
created a 'possibility of prejudice.'"  Satcher v. Pruett, 126 F.3d 561,
572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986);
Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a
reasonable probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different."  Strickland, 466
U.S. at 694.  That translates into a reasonable probability that "absent

the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

Petitioner alleges that counsel was ineffective because he failed to conduct a prompt and effective investigation of the case and explore all avenues of possible defenses, (Claim 1(g)). When questioned by the trial court regarding counsel's services, petitioner indicated that he was satisfied with the services of his attorney and was ready for trial. (Tr. Vol. 1 at 13-14.) A petitioner is bound by his statements at trial concerning the adequacy of his counsel. Anderson v. Warden, 281 S.E.2d 885, 888 (Va. 1981). The Circuit Court relied on the reasoning in Anderson to reject petitioner's claim and also found that petitioner failed to meet either prong of Strickland. The Circuit Court stated that petitioner had failed to "allege any specific acts or omissions made by his attorney at his trial [which] prejudiced him" and that he had failed to "demonstrate any Strickland prejudice resulting from such alleged deficiency." (Wilson, Cir. Ct. Ord. at 4.) The Circuit Court also found that petitioner failed to allege how additional investigation or preparation by counsel would have resulted in the reasonable probability of a different outcome at trial as required by Strickland. The Circuit Court's ruling was neither contrary to nor an unreasonable application of federal law and, therefore, this Court should defer to the state

court's ruling on the merits of the claim.   28 U.S.C. § 2254(d)(2000); see also Marshall v. Longberger, 459 U.S. 422 (1983).

Even if the claim had merit, petitioner failed to perfect his appeal of the Circuit Court's judgment in the Supreme Court of Virginia, barring the claim from federal habeas review. Whitley, 802 F.2d at 1500. Additionally, petitioner has failed to make a justifiable showing of cause for his failure to appeal the claims to the Supreme Court of Virginia. Wainwright, 433 U.S. 72 (1977).  The claim is without merit and is procedurally defaulted and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to

another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


                                                                _____/s/_____

                                                 **James E. Bradberry**
                                                 **United States Magistrate Judge**

**Norfolk, Virginia**

**April 13, 2009**

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of

the following:

George Leonard Wilson, #327425 pro se
Sussex 2 State Prison
24427 Musselwhite Dr.
Waverly, VA  23891


Virginia B. Theisen, Esq.
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219


Fernando Galindo, Clerk


By _____
Deputy Clerk

_____, 2009